UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LETICIA LEON,<br><br>                    Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, WELLS FARGO BANK, N.A., JOHN DOES 1-10,<br><br>                    Defendants. | Civ. No. 15-cv-1193 (KM)<br><br>**MEMORANDUM OPINION & ORDER** |

   The plaintiff, Leticia Leon, who has been involved in a state court mortgage foreclosure action, has filed a 63-page complaint in a form that already is very familiar to the Court from other cases. (ECF no. 1) Essentially it attacks the standing of the defendants (plaintiffs in the state action) to pursue the foreclosure, but does so in the guise of federal causes of action. It seeks a declaratory judgment that defendants are not holders in due course and have not complied with various preconditions to foreclosure; an injunction against any sheriff's sale; and to quiet title (*i.e.*, to declare plaintiff the owner, lien-free, of the property); negligence per se; accounting; breach of the covenant of good faith and fair dealing; breach of fiduciary duty; wrongful foreclosure; violation of RESPA; violation of HOEPA; fraud in the concealment; intentional infliction of emotional distress; and slander of title.

   The defendants, Federal Home Loan Mortgage Corporation ("Freddie Mac") and Wells Fargo Bank, N.A. ("Wells Fargo"), have filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF no. 7)

   Plaintiff has responded to the motion by seeking leave to amend her complaint. (ECF no. 8) She states that she wishes to drop most of the causes of action, "both as a matter of law and due to the Defendants' contention that

several causes are either moot or not claims for relief." (ECF no. 8 at 2) The claims she wishes to remove are listed thus:

1. Negligence
2. Accounting
3. Breach of Fiduciary Claim
4. Wrongful Foreclosure Claim
5. Intentional Infliction of Emotional Distress Claim
6. Quiet Title Claim
7. Slander of Title
8. Declaratory Claim
9. Injunctive Relief Claim

(*Id.*) By the Court's reckoning, that would leave breach of the covenant of good faith and fair dealing; violation of RESPA; violation of HOEPA; and fraud in the concealment.

The plaintiff suggests that she may wish to add allegations that would save certain claims from dismissal based on the statute of limitations. She states further that she will, if permitted, plead fraud with more particularity.

I will treat this as a motion to amend the complaint. Such motions are granted "freely," Fed. R. Civ. P. 15(a)(2), and no party should be penalized for recognizing and conceding weaknesses in the complaint pointed out by the opposing party. Plaintiff's original complaint was voluminous, and the defendants' motion to dismiss is the same. This *pro se* plaintiff, however, has shown an admirable willingness to pare down her allegations to those which she feels may have the best chance of success, and to amend perceived flaws. Her concession renders much of defendant's motion moot. While plaintiff has not attached a proposed amended pleading, I will excuse that lapse and permit her to file, within 30 days, an amended complaint.

## ORDER

IT IS THEREFORE this 10th day of March, 2016,

ORDERED as follows:

1. Defendants' motion to dismiss the complaint (ECF no. 7; *see also* response, ECF no. 8, and reply, ECF no. 9) is ADMINISTRATIVELY TERMINATED.

2. Plaintiff's response (ECF no. 8), treated as a motion to amend the complaint, is GRANTED.

3. Plaintiff shall, within 30 days after the date of this Order, file her amended complaint. Defendant shall answer or move in response.

_____
KEVIN MCNULTY
United States District Judge